732

**Kenneth YOUNG HEE CHOY, Plaintiff,**

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 2112.**

United States District Court
D. Hawaii.

Jan. 31, 1963.

Kenneth Young Hee Choy, in pro. per.

TAVARES, District Judge.

On October 15, 1959, Kenneth Young Hee Choy, hereinafter referred to as "petitioner," was convicted in this court, upon his plea of guilty, of a violation of 18 U.S.C. § 656. He was represented by counsel at the time of such plea. The amount involved being more than $100.00, the maximum sentence possible was a fine of $5,000.00 or imprisonment for five years, or both.

On November 5, 1959, after a pre-sentence report, and petitioner being represented by counsel at such time, this court sentenced petitioner to imprisonment for a period of two years, suspended execution of said sentence and placed petitioner on probation for a period of two years, one of the conditions of such probation being that he make restitution of $260.00 to the Bank of Hawaii. He has made such restitution.

On July 26, 1961, the Chief Probation Officer of this court filed a motion to re-

voke the probation of petitioner on several grounds. On August 1, 1961, a hearing was had on the motion, at which time petitioner was represented by counsel. At that time petitioner admitted all of the claimed violations of his probation except one which he did not deny, the court revoked his probation and sentenced him to commitment to the custody of the Attorney General for treatment and supervision pursuant to 18 U.S.C. § 5010(b) until discharged by the Federal Youth Correction Division of the Board of Parole as provided in 18 U.S.C. § 5017(c), these sections being part of the Federal Youth Corrections Act. By virtue of that sentence, petitioner is presently in the Federal Correctional Institution, Lompoc, California.

Petitioner has filed in this court a motion under 28 U.S.C. § 2255[1] to vacate said sentence on the following grounds:

1. That the sentence of probation imposed by this court was to run concurrently with a previous sentence of probation imposed upon petitioner by the United States District Court for the Southern District of California, Central Division and that, since the latter sentence had expired at the time of the revocation of his probation by this court, the sentence of probation imposed by this court had expired at that time and this court could not revoke such probation.

2. That if the sentence of probation imposed by this court was to run consecutively to that imposed by the other court, it resulted in petitioner's receiving a "misdemeanor sentence," with certain legal consequences which are not clear.

3. That in sentencing petitioner under the Federal Youth Corrections Act the court imposed a sentence greater than that originally imposed.[2]

4. That when petitioner had made restitution there were certain legal results which are not clear.

5. That the court could not sentence petitioner under the Act because petitioner was 23 years of age on the date of his conviction.

6. That the Constitution is violated because the courts are "not affording 'Young Adult Offenders,' the benefit of good time allowances, a (5) years maximum and so forth, as provided under section 4209, 18, U.S.C."

7. That petitioner "was misrepresented by counsel, as well as the Courts nieve interpretation in expressing their impression on me of the rehabilitation program and treatment facilities administered through the 'Youth Correction Act,' and that such a sentence was for my welfare towards rehabilitating" and that youth offenders do not become rehabilitated when treated and supervised under the Act.

The motion and files and records of the case conclusively show that the petitioner is entitled to no relief. Therefore, no hearing will be had on the motion and his presence is not necessary to the decision of the matter.[3]

■ 1. and 2. The sentence of probation imposed by this court did not provide that it run concurrently with or consecutively to any other sentence.

1. 28 U.S.C. § 2255 provides:
"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
"A Motion for such relief may be made at any time. * * *"

2. 18 U.S.C. § 3653 provides that when probation is revoked, the court may require the probationer "to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed."

3. 28 U.S.C. § 2255.

There was no connection between that sentence and the sentence by the United States District Court for the Southern District of California, Central Division mentioned by petitioner.

■ 3. At the hearing on August 1, 1961, at which petitioner's probation was revoked and the sentence of which petitioner now complains was imposed, counsel for petitioner requested the court to sentence petitioner under the Federal Youth Corrections Act. Prior to complying with that request, the court pointed out to petitioner and his counsel that the original sentence in this case was imprisonment for a period of two years, that under the Act the sentence would be for an indefinite period except that petitioner would have to be released conditionally not more than four years after his incarceration and unconditionally not more than six years after his incarceration,[4] and that he would be taking a chance that he might be held for more than two years. At the suggestion of the court petitioner conferred with his attorney, his father and his wife and petitioner thereafter specifically consented to his being sentenced under the Act. Also, both petitioner and his counsel signed a consent to the order revoking probation and to the sentence of petitioner under the Act. Such sentence was a lesser sentence than the original

sentence of imprisonment for two years. Cunningham v. United States (1958), 5th Cir., 256 F.2d 467.

■ 4. The making of restitution as required by the terms of petitioner's probation did not in any manner affect the sentence of imprisonment the execution of which had been suspended.

■ 5. A "Youth Offender," subject to sentence under the Act, is a person under the age of 22 years at the time of his conviction.[5] The file of the Probation Officer of this court discloses that the records of the Department of Health of the State of Hawaii show that petitioner was born in Honolulu, Hawaii, on July 18, 1938. At the time of his conviction on October 15, 1959, he was 21 years of age.

■ 6. Assuming that petitioner is in a position to make this contention as to such alleged violation of the Constitution, there is no provision in 18 U.S.C. § 4209[6] as to good time allowances or a five-year maximum sentence.

■ 7. This contention merely indicates that petitioner is dissatisfied with the program at the Federal Correctional Institution where he is incarcerated and is not a valid ground upon which to set aside his sentence.

The motion is denied.

---

4. This was in error. These periods run from the date of conviction. However, such error was harmless in that these periods were shorter than the court advised petitioner. They are shortened by the length of time petitioner was on probation. 18 U.S.C. § 5017(c).

5. 18 U.S.C. § 5006(e).

6. 18 U.S.C. § 4209 provides:
  "*Young adult offenders.* In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such Act."